**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:22-cv-198-MOC-WCM**

| | | |
|---|---|---|
| **EAGLES NEST OUTFITTERS, INC.,** | ) | |
| Plaintiff, | ) | |
| **vs.** | ) | **ORDER** |
| **TAOMORE, INC., et al.,** | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on a Motion to Dismiss or, alternatively, to Transfer Venue, filed by Defendant WECRO, Inc., pursuant to FED. R. CIV. P. 12(b)(3). (Doc. No. 16). Also pending is a Motion to Dismiss for Lack of Personal Jurisdiction, filed by Defendant Yubin He, pursuant to FED. R. CIV. P. 12(b)(2). (Doc. No. 14).

**I. BACKGROUND AND FACTS**

**A. The Parties**

Plaintiff Eagles Nest Outfitters, Inc. ("ENO") is a North Carolina corporation with its principal place of business at Sweeten Creek Industrial Park, Asheville, North Carolina. Plaintiff specializes in the manufacture and worldwide distribution of outdoor gear and hammock products, including patented hammock straps sold under federally registered trademarks, with hammocks, hammock straps/suspension systems, and outdoor relaxation gear. (Doc. No. 1 ¶¶ 1, 20–21, 27). ENO's federally registered trademarks have been in use for over twenty years, along with several patents. (Id. ¶¶ 31, 37–41, 50).

Defendant Wecro is a company incorporated in the State of California with its principal



Case 1:22-cv-00198-MOC-WCM Document 28 Filed 01/18/23 Page 1 of 9

place of business at 2001 West Mission Blvd. Suite A., Pomona, California, 91766. (Doc. No. 15-1 ¶¶ 2, 4, Yubin He Declaration). Defendant Yubin He is a resident of China and serves as Wecro's president. (Doc. No. 15-1 ¶¶ 3, 5; Doc. No. 16-2 ¶ 1). Until earlier this month, Defendant He held himself out as Defendant Wecro's Registered Agent. (Doc. No. 1 ¶ 5; Doc. No. 15-1 ¶¶ 14–16 (filing resignation paperwork with the California Secretary of State on November 4, 2022)). Mr. He is a shareholder of Wecro. (Doc. No. 15-1 ¶ 2).

Plaintiff alleges, upon information and belief, that Defendant Taomore, Inc. is a California corporation with its principal place of business at 13941 Norton Avenue, Suite C, Chino, California, 91710. (Doc. No. 1 ¶ 2). Plaintiff alleges, upon information and belief, that Defendant Jie Zou is a resident and citizen of California and serves as Taomore's sole shareholder/president and as its registered agent. (Doc. No. 1 ¶ 3).

**B. Plaintiff's Allegations against Defendants**

Plaintiff alleges that Defendants Wecro and He, among others, were behind the "NY Yes Hi Go Shop," which sold counterfeit hammock straps, imitating those of ENO, on online retail platforms such as Amazon.com. (Doc. No. 1 ¶¶ 6–8). Plaintiff alleges that Defendants Wecro and He were responsible for coordinating the distribution and mailing of all purchased goods from an address in California to destinations across the United States, including North Carolina. (Id. ¶ 10; see Doc. No. 1-13 (indicating shipping addresses in Asheville, North Carolina, on purchase receipts from the NY Yes Hi Go Shop on Amazon.com)). According to Plaintiff, Defendants Wecro and He took actions specifically targeting this judicial district when they sold, packaged, and shipped counterfeit products to Asheville, North Carolina, on March 18, 2021, September 28, 2021, August 27, 2022, September 9, 2022, and September 13, 2022. (Doc. No. 1-13).

Plaintiff alleges that Defendants are manufacturing and selling counterfeit products through online marketplaces such as Amazon.com, and in the process misleading unwitting consumers into believing they are buying legitimate ENO products. (Id. ¶¶ 53–82). Plaintiffs has asserted causes of action for federal trademark counterfeiting, federal trademark infringement, federal false advertising, federal false designation of origin, a violation of North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. GEN. STAT. 75-1.1 et seq., and federal patent infringement. (Id. ¶¶ 83–138).

Defendant Wecro moves to dismiss for improper venue, or, in the alternative, to transfer venue to the Central District of California pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a). Plaintiff opposes the motion and filed a response brief on November 28, 2022. (Doc. No. 22). Defendant filed a Reply on December 5, 2022. (Doc. No. 23). Thus, this matter is ripe for jurisdiction.

## II. DISCUSSION

When a defendant objects to venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of establishing that venue is proper. See Colonna's Shipyard, Inc. v. City of Key West, 735 F. Supp. 2d 414, 416 (E.D. Va. 2010) (citing Bartholomew v. Va. Chiropractors Ass'n, 612 F.2d 812, 816 (4th Cir. 1979), overruled on other grounds by Union Labor Life Ins. Co. v. Pireno, 458 U.S. 119 (1982)). In the absence of an evidentiary hearing, to survive a Rule 12(b)(3) challenge, "the plaintiff need only make a prima facie showing of venue." Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004). In determining whether such a showing has been made, the Court must "view the facts in the light most favorable to the plaintiff." Aggarao v. MOL Ship Mgmt. Co., 675 F.3d 355, 366 (4th Cir. 2012).

Here, as noted, Plaintiff brings claims against Defendants in this case for patent

infringement, federal trademark counterfeiting, federal trademark infringement, federal false advertising, federal false designation of origin, and a violation of North Carolina's UDTPA. The venue statute for patent infringement cases provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." See 28 U.S.C. § 1400(b). By contrast, the general venue statute provides that a civil action may be brought in--

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391. If venue is improper, the district court where the case was improperly filed shall dismiss, or if it is in the interest of justice, transfer the case to any district or division where it could have been properly brought. See 28 U.S.C. § 1406(a).

In support of its motion to dismiss or transfer venue, Wecro asserts that, under the patent infringement venue statute, venue is proper only in California because California is where Wecro resides and has a regular and established place of business, and where Wecro allegedly committed acts of patent infringement. Wecro further asserts that it is not and was not licensed and/or otherwise authorized to do business in the State of North Carolina, either now or at the time of the subject incident; does not and did not maintain any offices within the State of North Carolina either now or at the time of the subject incident; does not advertise within the State of North Carolina; does not and did not have any employees within the State of North Carolina

either now or at the time of the subject incident, nor do Wecro's employees visit the State of North Carolina for the purpose of marketing Wecro's services or meeting with its current customers; does not and did not own, lease, or rent any real property within the State of North Carolina; does not and did not maintain any bank accounts in the State of North Carolina either now or at the time of the subject incident; is not and was not subject to North Carolina State or local taxes either now or at the time of the subject incident; and does not file and has not filed any State or local tax returns within the State of North Carolina. (Id. at ¶¶ 4, 5, 6, 7, 8, 9, 11). Wecro further asserts that it has not voluntarily made any general appearances in this or any other North Carolina lawsuit either as a plaintiff or a defendant and that it has not and will not voluntarily consent to the exercise of personal jurisdiction over it by any Court within the State of North Carolina. (Id. at ¶¶ 10,12).

Plaintiff contends, on the other hand, that the patent infringement venue statute is not controlling because at its core, this lawsuit concerns Wecro's (and others') unlawful manufacture, importation, advertising, sale, and distribution of counterfeit hammock straps. Plaintiff asserts that Wecro sold and shipped at least five counterfeit products infringing Plaintiff's trademarks to Asheville, North Carolina, constituting a place where "a substantial part of the events . . . [gave] rise to" Plaintiff's claims for trademark counterfeiting, trademark infringement, and unfair competition under both federal and state law. (Doc. No. 1 ¶ 57; Doc. No. 1-13; 28 U.S.C. § 1391(b)(2)). Plaintiff contends that the general venue statute is, therefore, the appropriate one to apply because the non-patent claims predominate. Plaintiff contends that this case is primarily for federal counterfeiting and trademark infringement and, thus, this Court either: (a) is the proper venue under the primary-claim doctrine; or (b) may exercise its discretion to keep the patent-infringement claim under the pendant-venue doctrine. Plaintiff alternatively asks the

Court to sever and transfer only the patent claim to the Central District of California if this Court decides not to keep the patent infringement claim.

The parties do not dispute that Defendant Wecro is incorporated in California and has a "regular and established place of business" there, as defined by the patent venue statute. See TC Heartland LLC v. Kraft Foods Grp. Brands LLC, 137 S. Ct. 1514 (2017). Therefore, if the Court applies the patent infringement venue statute, the Court must conclude that this district is an improper venue for Plaintiff to file this lawsuit against Wecro because Wecro is neither incorporated in the district nor does it have a "regular and established place of business" in this district. Plaintiff contends, however, that under the "primary claim" doctrine, the Court should apply the general venue statute and find that venue is proper in this district because this district is where a substantial part of the events or omissions giving rise to the claim occurred. Plaintiff argues that this case is primarily about trademark infringement and counterfeiting, not patent infringement.

Here, the Court finds that, regardless of which venue statute applies, this matter should be transferred to the Central District of California. That is, if the patent venue statute applies, this district is clearly an improper venue. In any event, even under the general venue statute, a substantial part of the events giving rise to Plaintiff's claims (i.e., Defendant's alleged unlawful manufacturing, importing, advertising, and distributing) all occurred in California. See 28 U.S.C. § 1391(b)(2) (venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred). Therefore, the Court finds that venue is proper in the Central District of California.[1]

[1] The Court declines to grant Plaintiff's alternative request to sever the claims and transfer only the patent infringement claims to the Central District of California.

Alternatively, the Court finds that a transfer of venue to the Central District of California is appropriate under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In deciding the forum to which a case should be transferred, a district court first determines whether the potential transferee forum is one in which the action could have been brought originally. The court then considers the factors relevant to the specific case, including the convenience of the parties and witnesses and the interests of justice generally. See Landers v. Dawson Constr. Plant, Ltd., 201 F.3d 436 (Table), 1999 WL 991419, at *2 (4th Cir. 1999) (unpublished) (citations omitted).

When considering whether to transfer venue under Section 1404(a), district courts should consider the following discretionary factors: (1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of a judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws. Plant Genetic Sys. N.V. v. Ciba Seeds, 933 F. Supp. 519, 527 (M.D.N.C. 1996).

Here, transfer of this action is appropriate because the immediate action could have originally been brought in the Central District of California because a substantial part of the

events or omissions giving rise to Plaintiff's claims occurred in California, not in North Carolina.[2] That is, although some North Carolina customers did order and receive the alleged counterfeit products, the products were marketed and shipped from California. California is the venue where more witnesses will be available, where Defendant's premises can be viewed, and where the evidence of alleged counterfeiting, false advertising, and infringement can be found. Furthermore, the Court is concerned about personal jurisdiction challenges if the Court were to retain this action in this district, whereas the assertion of personal jurisdiction will be more likely to be upheld in California, which is where Wecro and Taomore operate. Indeed, Defendant Yubin He has filed a pending motion to dismiss based on lack of jurisdiction. While the Court is mindful of the deference to Plaintiff's choice of forum, the Court finds that the factors in weigh more heavily in favor of requiring the parties to litigate this action in California. In sum, this matter should be transferred to the Central District of California.

## IV. CONCLUSION

For the reasons stated herein, this matter is transferred to the Central District of California.

**IT IS, THEREFORE, ORDERED** that:

(1) Defendant's Motion to Dismiss or Transfer, (Doc. No. 16), is **GRANTED** to the extent that this matter is transferred to the United States District Court for the Central District of California.

(2) Defendant He's pending Motion to Dismiss for Lack of Jurisdiction, (Doc. No. 14), shall be terminated as **MOOT**.

---

[2] Moreover, the pleadings indicate so far that all of the defendants except Mr. Yubin He reside in California.

(3) The Clerk is directed to terminate this action.

Signed: January 18, 2023

Max O. Cogburn Jr.
United States District Judge